**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **MARY HAMMONDS** | ) Civil Action No.: 2:13-cv-961 |
| 4245 Babble Dr. | ) |
| Columbus, OH  43207, | ) |
| | ) JUDGE: |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **COMPLAINT WITH JURY DEMAND** |
| **ASSIGNED CREDIT SOLUTIONS, INC.** | ) |
| c/o CT Corporation System, agent | ) |
| 1300 E. 9th St. | ) |
| Cleveland, OH  44114, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | * * * |

## I.  Jurisdiction

1.  Jurisdiction is conferred on this court by 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

## II.  Parties

2.  Plaintiff Mary Hammonds ("Ms. Hammonds") is a natural person residing in Franklin County, Ohio.

3.  Defendant Assigned Credit Solutions, Inc. ("ACS") is a corporation organized under the laws of the state of New Jersey.  Upon information and belief: the principal purpose of ACS is the collection of debts using the mails and interstate telephone systems; ACS

regularly attempts to collect debts alleged to be due another; ACS collects the debts of another as a matter of course.

4. ACS maintains a statutory agent in Ohio for the service of process.

5. At all times relevant to this case, ACS was a "debt collector" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

### III. Factual Allegations

6. Prior to 2007, Ms. Hammonds had obtained a line of credit for Lowes stores.  According to ACS, Ms. Hammonds did not pay this alleged debt and owed a balance (the "Alleged Debt").

7. Ms. Hammonds incurred the Alleged Debt for her personal, family or household use.

8. Prior to May 13, 2013, ACS began to attempt to collect the Alleged Debt by making telephone calls to Ms. Hammonds.

9. On or about May 13, 2013, Ms. Hammonds mailed a letter to ACS, in which she instructed ACS to stop contacting her.

10. Upon information and belief, ACS received Ms. Hammonds' letter on or prior to May 16, 2013.

11. On or about May 31, 2013, an ACS agent using the name "Jason" telephoned Ms. Hammonds again, attempting to collect the Alleged Debt.  During that conversation, Ms. Hammonds told ACS that she had previously sent a letter instructing ACS to stop contacting her.

2

12. On or about August 22, 2013, ACS telephoned Ms. Hammonds' cellular telephone multiple times, using an artificial pre-recorded voice message and an automatic telephone dialing system in an attempt to collect the Alleged Debt.

13. On August 22, 2013, Ms. Hammonds spoke to ACS, and the ACS agent mentioned that ACS had collection notes referring to Ms. Hammonds' prior conversation with the ACS agent using the name "Jason."

14. Upon information and belief, ACS placed other telephone calls to Ms. Hammonds' cellular telephone after May 16, 2013, using an automatic telephone dialing system in attempts to collect the Alleged Debt.

15. On or about August 22, 2013, ACS began telephoning Ms. Hammonds' mother, in attempts to get Ms. Hammonds to pay the Alleged Debt.

16. The calls to Ms. Hammonds' mother used an automated telephone dialing system.

17. The calls to Ms. Hammonds' mother confused her mother, and caused her to be upset.

18. Ms. Hammonds' mother lives in Georgia, is 82 years old, and uses a wheel chair.

19. Ms. Hammonds' mother told Ms. Hammonds about the calls.

20. Ms. Hammonds' mother had fallen recently, and Ms. Hammonds worried that her mother would fall again due to ACS's telephone calls to her mother.

21. Upon information and belief, ACS's calls to Ms. Hammonds' mother failed to state that ACS was confirming or correcting location information concerning Ms. Hammonds.

22. At the times ACS called Ms. Hammonds' mother, ACS already knew how to contact Ms. Hammonds, including her mailing address and telephone numbers.

3

23. As a result of ACS's actions, Ms. Hammonds has suffered actual damages, including but not limited to, significant stress, frustration, embarrassment, aggravation, and inconvenience.

### IV. First Claim for Relief –Violations of the Fair Debt Collection Practices Act

24. Plaintiff incorporates by reference all of the above allegations.

25. ACS's actions violated 15 U.S.C. § 1692c(c).

26. ACS's actions violated 15 U.S.C. § 1692d.

27. ACS's actions violated 15 U.S.C. § 1692f.

28. Upon information and belief, ACS's calls to Ms. Hammonds' mother violated 15 U.S.C. § 1692b(1) and (b)(3).

29. As a result of the above violations of the FDCPA, Ms. Hammonds has suffered actual damages.

### V. Second Claim for Relief – Violations of the Violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227

30. Plaintiff incorporates by reference all of the above allegations.

31. Ms. Hammonds is a "person" as defined by 47 U.S.C. § 153(10).

32. ACS's calls to Ms. Hammonds were made to Ms. Hammonds' cellular telephone, for which she incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

33. Upon information and belief, ACS's calls to Ms. Hammonds were made via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

34. Ms. Hammonds did not give ACS prior express consent to receive calls on her cellular telephone, pursuant to 47 U.S.C. § 227(b) (1) (A).

35. ACS's calls to Ms. Hammonds violated 47 U.S.C. § 227(b)(1).

36. One or more of ACS's calls negligently violated the TCPA.

37. ACS's calls were made knowingly or wilfully as those terms are used in 47 U.S.C. § 227(b)(3).

38. As a direct and proximate result of ACS's actions, Ms. Hammonds has suffered damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against ACS for the following:

A) Actual damages as determined by the trier of fact.

B) Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k.

C) Statutory or treble damages under the TCPA pursuant to 47 U.S.C. § 227(b) and 227(b)(3)(b).

D) Court costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

E) Interest as allowed by law.

F) For such other and further relief as may be just and proper.

**JURY DEMAND**

Plaintiff respectfully demands a trial by jury to hear and determine the issues of the above-captioned case.

Date: <u>September 27, 2013</u>

Respectfully submitted,

/s/  Gregory S. Reichenbach

_____
Gregory S. Reichenbach   (Ohio Bar #0077876)
P.O. Box 256
Bluffton, OH  45817
(419) 529-8300
FAX: (419) 529-8310
Email: Greg@ReichenbachLaw.com


Attorney for Plaintiff

6